## WIREBOUNDS PATENTS CO. et al v. SARA-NAC AUTOMATIC MACH. CO.

### No. 5076.

Circuit Court of Appeals, Sixth Circuit.

April 17, 1931.

Laurence A. Janney, of Chicago, Ill. (Emery, Booth, Janney & Varney, of Boston, Mass., and A. Trevor Jones, of Chicago, Ill., on the brief), for appellants.

Howard M. Cox, of Chicago, Ill., and A. C. Paul, of Minneapolis, Minn. (Cheever & Cox, of Chicago, Ill., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

In our opinion, 37 F.(2d) 830, filed in this case we held that claim 25 of machine patent No. 1,128,145 was valid and infringed and that it was unnecessary to determine the validity or infringement of the method patent No. 1,128,252 or the workholder patent No. 1,128,144. We therefore directed that the decree of the District Court, 24 F. (2d) 872, be reversed, and the case remanded, with instructions for the usual decree for injunction and accounting upon claim 25 of patent No. 1,128,145, and to dismiss the bill without prejudice as to the method and workholder patents. We also provided that, if counsel thought there was necessity for a definite decision as to the method or the workholder patent, we would entertain their request to give that subject further consideration. No such request was made. Before our mandate issued accordingly to the District Court, an application was made to the Supreme Court for certiorari; our mandate was accordingly stayed, and has never yet been issued. Upon the hearing of the certiorari, the Supreme Court filed an opinion, 51 S. Ct. 232, 75 L. Ed. ——, on February 24, 1931, distinctly finding that this claim 25 was invalid for lack of invention. The opinion also holds that the workholder patent was invalid. The validity of the method patent is discussed, but, in view of the entire opinion and the mandate of the Supreme Court, we conclude that it was not intended to decide the validity of the method patent. We have been furnished with a copy of the mandate of the Supreme Court which runs, not to this court, but to the District Court, and which recites that the decree of this court is "reversed with costs so far as it relates to the validity of patent No. 1,128,145," and directs that the cause be remanded to the District Court "for further proceedings as to said patent in conformity with the opinion of this court."

The plaintiff now asks that this court proceed to consider further the validity and effect of the method patent and, in effect, to direct the District Court to enter a decree for plaintiff upon that patent. We think it at least doubtful whether we are at liberty to entertain this application, but in any event we think it unwise to do so. Our order was that the District Court should dismiss the bill as to this patent without prejudice. Plaintiff's counsel had opportunity to apply for a more definite decision upon this subject, but failed to do so. To entertain the application now, after plaintiff's counsel has failed in the Supreme Court in maintaining the position upon which he was content to rely, involves difficulties which we think we need not assume.

The Supreme Court mandate was limited to the machine patent; the opinion decided the invalidity of the workholder patent just as completely as of the machine patent. The reason for not including the workholder patent in the mandate was probably that this court had not decided the issue as to the workholder patent, and therefore the Supreme Court would not do so. The failure

to include in the mandate any direction as to the method patent is more distinctly significant, because of the more definite omission of the Supreme Court to pass upon the validity of that patent.

Under these circumstances which are, so far as we know, without express precedent, we conclude that we should now issue our mandate to the District Court in accordance with so much of our opinion as has not been overruled by the Supreme Court.

Accordingly the mandate will be that, as to the machine patent, we give no directions because that subject is covered by the Supreme Court mandate; that, as to the workholder patent, the bill should be dismissed because that subject is definitely covered by the Supreme Court opinion; and that, as to the method patent, the bill should be dismissed without prejudice.

The bond given and filed in this court on April 2, 1930, in the penalty of $25,000 as a condition of the stay of our mandate pending certiorari having served its purpose and no liability having accrued, it is ordered that such bond be and it is canceled and discharged.